UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN MORTGAGE CORPORATION, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 4: 21 CV 821 DDN |
| ) | |
| THE HOME LOAN EXPERT, LLC, ) and ) RYAN L. KELLEY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Ryan L. Kelley's motion to dismiss all claims brought against him (Doc. 18) by plaintiff American Mortgage Corporation for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, defendant Kelley's motion to dismiss is sustained.

## BACKGROUND

Plaintiff alleges the following in its complaint. (Doc. 1.) Plaintiff is a mortgage lender in St. Louis. Plaintiff's primary marketing tool and most popular loan product is "The Bagel Loan," a product that allows a consumer to obtain a mortgage without paying fees or closing costs. Plaintiff started using the "The Bagel Loan" in 2015 and applied for a trademark of "The Bagel Loan" in 2016, which was registered in 2017. (*Id*. at 1-2.)

Defendant The Home Loan Expert, LLC ("THLE") is a St. Louis-based mortgage lender that competes with plaintiff in markets in Missouri, Illinois, and other areas. Plaintiff alleges that defendant Kelley is the sole member of THLE and is wholly responsible for directing the day-to-day affairs of the company, including marketing efforts. Plaintiff alleges that defendants covertly purchased the domain names

"TheBagelLoan.com," "BagelLoan.com," and "BagelLoans.com," which redirected consumers to defendants' website, TheHomeLoanExpert.com.  Plaintiff alleges, upon information and belief, that defendant Kelley was personally involved in the decision to appropriate and use "The Bagel Loan" and related names.  (*Id*. at 1-3.)

Plaintiff brings claims of improper appropriation of domain name under the Anticybersquatting Consumer Protection Act (Count 1); unfair competition, trademark infringement and counterfeiting, and trademark dilution under the Lanham Act (Counts 2-4); and trademark infringement and trademark dilution under Missouri trademark law (Counts 5 and 6).  (*Id*. at 5-9.)  Plaintiff asserts all claims against both defendants.

## DISCUSSION

In support of his motion to dismiss all claims against him, defendant Kelley argues that he, as a member of THLE, a limited liability company, is not personally liable for THLE's alleged actions.  (Doc. 19 at 1.)  Defendant contends that the complaint does not allege any factual basis for his liability, pointing out that only two paragraphs in the complaint mention him by name.  (*Id*. at 3.)

Plaintiff argues that its allegation that Kelley was personally involved in the decision to appropriate and use plaintiff's mark, along with the other allegations in the complaint, is sufficient to keep Kelley in the case at this stage.  (Doc. 22 at 3.)  Plaintiff additionally argues that Kelley may be held personally liable for the federal and state law claims because the applicable statutes claim include the word "person," which includes both a natural person and a corporation.  (*Id*. at 3-4.)

A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  For a complaint to state a plausible claim for relief requires the plaintiff to allege the circumstances of the alleged incident, and in reviewing the complaint the Court is

required to draw upon its experience and common sense. *Id.* at 679. The Court must assume the well-pleaded facts are true, but the Court does not have to accept as true merely general statements about what the law requires or prohibits. *Id.* at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough) (citing *Twombly*, 550 U.S. at 555).

In reviewing the pleadings under this standard, the Court must accept all of plaintiff's factual allegations as true and draw all inferences in plaintiff's favor, but the Court is not required to accept the legal conclusions plaintiff draws from the facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). The court additionally "is not required to divine the litigant's intent and create claims that are not clearly raised, . . . and it need not conjure up unpled allegations to save a complaint. " *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (citations omitted).

"Ordinarily, business entities, such as limited liability companies, are regarded as wholly and separate legal entities, distinct from the members or owners who compose the business entities." *Hibbs v. Berger*, 430 S.W.3d 296, 306 (Mo. Ct. App. 2014); *see also* Rev. Stat. Mo. § 347.057. Accordingly, members of an LLC are generally not liable for the debts or actions of the LLC. *Hibbs v. Berger*, 430 S.W.3d at 306. However, the protection of limited liability is not absolute. *Id*. "The general rule is that a corporate officer or limited liability company member is personally liable for trademark infringement if he or she directly participates in the infringement." *Martinizing Int'l, LLC v. BC Cleaners, LLC*, 855 F.3d 847, 852 (8th Cir. 2017).

In this case, plaintiff has failed to state a claim against defendant Kelley. Plaintiff alleges that Kelley is wholly responsible for directing the day-to-day affairs of the company, including marketing, and that Kelley was personally involved in the decision to appropriate and use plaintiff's mark. Accepting plaintiff's allegations as true, the Court concludes that the complaint does not plead sufficient factual content to allow the Court to infer that Kelley is liable for the alleged misconduct. Plaintiff makes conclusory allegations of day-to-day direction and personal involvement in the infringement, but it

does not sufficiently allege the circumstances of Kelley's involvement in the alleged incident.

Additionally, plaintiff's argument regarding statutory language is unavailing. Defendant argues that, absent factual allegations of his personal involvement in the alleged infringement, he should be dismissed as a party because his status as even the sole member of the limited liability company LLC shields him from liability for THLE's alleged actions. A natural person, such as Kelley, may be generally subject to liability under the laws supporting plaintiff's claims. However, in the absence of sufficient factual allegations regarding his personal involvement, Kelley is shielded from liability due to his status as a member of the co-defendant limited liability company.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Kelley's motion to dismiss **(Doc. 18) is sustained.** Plaintiff's claims against defendant Kelley are dismissed without prejudice.

/s/     David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 22, 2021.